**SO ORDERED.**

**SIGNED this 13 day of June, 2008.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
Richard Stair Jr.
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

RODNEY MICHAEL HOLBROOK
SONYA RENEE HOLBROOK
a/k/a SONYA RENEE WEBBER

                Debtors

Case No.  06-32385

**MEMORANDUM AND ORDER**

Before the court is the Motion for Supplemental Fees (Motion) filed by the Debtors' attorney, Ann Mostoller, on April 16, 2008, with an attached Exhibit A containing detailed time records. The Motion was served on the Debtors, United States Trustee, Chapter 13 Trustee, and all creditors. Also before the court is the Objection By Chapter 13 Trustee to Debtor [sic] Attorney Application for Additional Fees (Objection) filed by the Chapter 13 Trustee, Gwendolyn M. Kerney, on May 28, 2008.

By her Motion, Ms. Mostoller requests supplemental compensation for services rendered the Debtors in their aborted Chapter 7 case in the amount of $2,922.50, together with expenses totaling $5.74, and compensation for services rendered the Debtors after conversion of their case to Chapter 13 on May 22, 2007, in the amount of $7,951.25 plus expenses of $21.73.[1]

Ms. Mostoller's characterization of the compensation attributable to the services rendered the Debtors in the superseding Chapter 13 case as "supplemental" is a misnomer. Her Second Compensation Disclosure Statement filed on May 31, 2007,[2] states that Ms. Mostoller "agreed to accept" $3,500.00 for representing the Debtors in the prosecution of their Chapter 13 case. As this sum was in excess of the $2,000.00 Base Fee allowed debtors' attorneys for routine services in a Chapter 13 case pursuant to the provisions of E.D. Tenn. LBR 2016-1(a) in effect when the Debtors filed their petition, the court inserted language in the February 7, 2008 Order Confirming Chapter 13 Plan that "[p]ursuant to Local Rule 2016-1(b), the compensation for the Debtors' attorney will be fixed upon the filing of a fee application conforming to Bankruptcy Rule 2016(a)."[3]

---

[1] The Motion and Disclosure of Compensation of Attorney for Debtor(s) (First Compensation Disclosure Statement) filed by Ms. Mostoller on October 13, 2006, the date the Debtors commenced their Chapter 7 case, both establish that Ms. Mostoller received a $1,500.00 fee prior to the filing of the Debtors' Voluntary Petition. Therefore, the total fee charged by Ms. Mostoller for representing the Debtors in the prosecution of their Chapter 7 case is $4,422.50. Ms. Mostoller filed a second Disclosure of Compensation of Attorney for Debtor(s) (Second Compensation Disclosure Statement) on May 31, 2007, stating that she had agreed to accept $3,500.00 for representing the Debtors in the Chapter 13 aspect of their case of which she had received $1,500.00, thus leaving $2,000.00 unpaid. The court presumes that this is the same $1,500.00 received by Ms. Mostoller prior to the commencement of the Debtors' bankruptcy case.

[2] *See supra* n.1.

[3] Local Rule 2016-1(b), in effect on October 13, 2006, provided in material part:

**(b) Lodestar Fee.** In any case in which the attorney seeks initial compensation in excess of $2,000 or in any case in which the attorney chooses to seek compensation other than as prescribed in subdivision (a) of this rule, the attorney must file a fee application including an itemized statement conforming to Fed. R. Bankr. P. 2016(a).

(continued...)

Ms. Mostoller grounds her request for compensation in both the Chapter 7 and superseding Chapter 13 case on 11 U.S.C. § 330(a) (2005), and payment is sought from the Chapter 13 Trustee through the Debtors' confirmed plan as a priority administrative expense. *See* 11 U.S.C. §§ 503(b)(2), 507(a)(1), and 1322(a)(2) (2005).

Upon review of the Motion and Objection thereto, the court finds that Ms. Mostoller's request for supplemental compensation of $2,922.50 and reimbursement of $5.74 in expenses attributable to services rendered and expenses incurred in conjunction with the Debtors' prosecution of their Chapter 7 case prior to conversion to Chapter 13 cannot be allowed. *See Lamie v. United States Trustee*, 124 S.Ct. 1023, 1032 (2004) ("[Section] 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by § 327.").[4]

With regard to Mr. Mostoller's request for compensation and expenses attributable to services rendered the Debtors during the prosecution of their Chapter 13 case, the same are, to the

---

[3](...continued)
E.D. Tenn. LBR 2016-1(b).  Local Rule 2016-1(a) was amended on February 25, 2008, to increase the Base Fee to $3,000.00.  *See* E.D. Tenn. LBR 2016-1, as amended on February 25, 2008.

[4] Sections 327 and 330(a)(1) provide in material part:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327 (2005).

> (a)(1)  After notice to the parties in interest and the United States Trustee and a hearing . . . the court may award to . . . a professional person employed under section 327 . . . (A) reasonable compensation . . . and (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

3

extent allowed by the court, payable as an administrative expense pursuant to 11 U.S.C. § 330(a)(4)(B).[5] The court finds, however, that under the terms of her agreement with the Debtors, Ms. Mostoller's compensation and expenses are limited to $3,500.00. The Second Compensation Disclosure Statement signed and filed by Ms. Mostoller after conversion by the Debtors of their case to Chapter 13, unambiguously states: "For legal services and expenses, I have agreed to accept $3,500.00." While the Second Compensation Disclosure Statement purports to also apply the $1,500.00 fee received by Ms. Mostoller prior to the filing of the Debtors' petition, the court finds that the $1,500.00 is clearly attributable to the Chapter 7 filing and has no application to the fee requested by Ms. Mostoller in the Debtors' Chapter 13 case. The time records appended to Ms. Mostoller's Motion unquestionably support an allowance of $3,500.00 in compensation and expenses under § 330(a)(4)(B).

In accordance with the above, the court directs the following:

1. To the extent the Debtors' attorney, Ann Mostoller, seeks supplemental compensation of $2,922.50 and reimbursement of $5.74 in expenses attributable to services rendered and expenses incurred in connection with the Debtors' prosecution of their Chapter 7 case prior to conversion to Chapter 13, the Motion is DENIED.

---

[5] This section provides:

>   (4)(A) . . . .
>
>       (B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

2. To the extent the Debtors' attorney, Ann Mostoller, seeks compensation of $7,951.25, plus $21.73 in expenses, for services rendered and expenses incurred during the Debtors' prosecution of their Chapter 13 case, such compensation and expenses are allowed in the agreed upon amount of $3,500.00.

3. The $3,500.00 in compensation and expenses allowed herein is payable as an administrative expense pursuant to paragraph 4 of the Debtors' Plan and shall be paid as such by the Chapter 13 Trustee.

###